**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Valentin S.,

Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security, U.S. Department of Homeland Security*; David Venturella, *Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, Minneapolis–St. Paul Field Office, Immigration and Customs Enforcement*; and Ryan Shea, *Sheriff of Freeborn County, Minnesota, custodian of detainees at the Freeborn County Jail*, in their official capacities,

Respondents.

File No. 26-CV-3271 (JMB/DJF)

**ORDER**

---

Karen Venice Bryan, KB Law PLLC, St. Louis Park, MN, for Petitioner Valentin S.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, David Venturella, and David Easterwood.

David John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Respondent Ryan Shea.

---

This matter is before the Court on Petitioner Valentin S.'s[1] unopposed motion for

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (Doc. No. 13.) For the reasons discussed below, the Court grants the motion.

## BACKGROUND

Valentin S. is a citizen of Mexico who has lived in the United States since 2020. (Doc. No. 10 ¶¶ 1, 2, 3.) On June 20, 2026, ICE issued a Form I-200 administrative warrant for the arrest of Valentin S. (Doc. No. 10 ¶ 5.) Then, on June 23, 2026, Immigrations and Customs Enforcement (ICE) officers arrested and detained Valentin S. (*Id.* ¶ 6.) On the same day as Valentin S.'s arrest, ICE issued and served Valentin S. an I-862 Notice to Appear (NTA). (*Id.* ¶ 7.)

On July 12, 2026, Valentin S., through counsel, filed his petition for a writ of habeas corpus, in which he argued that his detention was in violation of the Administrative Procedures Act, the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the Fourth Amendment's prohibition on unlawful seizures. (Doc. No. 2.) On July 15, 2026, the Court granted the Petition on grounds that Respondents did not arrest Valentin S. on valid statutory authority, in violation of their own governing rules and regulations. (Doc. No. 10 at 5–7.) Specifically, contrary to the sequence required by law (8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b)(1)), Respondents generated a Form I-200 administrative warrant *before* Respondents generated the NTA and, as a result, Valentin S. was not effected pursuant to a valid administrative warrant. (*Id.*) The Court ordered Valentin S. released—and Respondents did release him—on July 16, 2026. (*Id.* at 7.)

## DISCUSSION

Petitioner Valentin S. now seeks his attorneys' fees and costs under the EAJA in the amount of $5,815.73.[2] (Doc. No. 13.) Respondents have not opposed the motion.

The EAJA is meant to eliminate barriers to the average person seeking to challenge unreasonable government action. *Jerson A.D.G. v. Bondi*, No. 26-CV-0516 (DWF/SGE), 2026 WL 776808, at *1 (D. Minn. Mar. 19, 2026) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). The EAJA provides that a "prevailing party" with a qualifying net worth may recoup their "fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). To be substantially justified, Respondents' argument need not have been correct, but it must have been "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680 (8th Cir. Nov. 28, 2008). A motion for fees and costs under the EAJA must be brought within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B).

Valentin S. has demonstrated that he is a prevailing party in this action, that his motion is timely, and that he has a qualifying net worth to seek his fees under the EAJA. (*See* Doc. Nos. 13, 14.) Additionally, Valentin S.'s attorney has demonstrated the reasonableness of her hourly rate. (Doc. No. 15.)

---

[2] The Court notes a discrepancy between the amount of fees requested in Valentin S.'s memorandum of law ($5,813.37) (Doc. No. 13 at 19) and the amount of fees shown as incurred on his attorney's billing records ($5,815.73) (Doc. No. 16-1). The Court credits Valentin S.'s attorney's billing records as more reliable than the figure shown in the memorandum of law.

In his briefing, Valentin S. correctly observes that the Court's interpretation of 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b)(1) is not novel and is an interpretation consistently applied in this District. (Doc. No. 13 at 6–7 (collecting cases).) To defeat a movant's motion for EAJA fees, it is Respondents' burden to "prov[e] that its position was substantially justified." *U.S. S.E.C. v. Zahareas*, 734 F.3d 624, 627 (8th Cir. 2004). Here, despite that burden, Respondents have not responded to Valentin S.'s motion for EAJA fees at all, let alone his argument that their position was not substantially justified. As a result, Respondents have waived any argument that their position was substantially justified. *See, e.g.*, *Rodriguez Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *Dorosh v. Minn. Dep't of Human Servs.*, No. 23-CV-1144 (ECT/LIB), 2023 WL 6279374, at *9 (D. Minn. Sept. 26, 2023) (providing that a party waives arguments by failing to respond to opponent's motion). Thus, the Court grants Valentin S.'s request for an award of attorney's fees under the EAJA.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Valentin S.'s motion for attorney's fees under the EAJA (Doc. No. 13) is GRANTED.

2. Petitioner Valentin S. is awarded $6.70 in costs and $5,815.73 in attorney's fees.

Dated: September 14, 2026

*/s/ Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court